IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN GONZALEZ,<br><br>    *Plaintiff,*<br><br>v.<br><br>ELECTRICAL CONTRACTORS'<br>ASSOCIATION AND LOCAL UNION<br>NO. 134, I.B.E.W. HEALTH &<br>WELFARE AND JOINT PENSION<br>TRUSTS OF CHICAGO,<br><br>    *Defendant.* | )<br>)<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

1. This is an ERISA suit brought by a participant/beneficiary against a Trust Fund subject to the provisions of the Employee Retirement Income Security Act because the Trust Fund denied him benefits due under its Plan, and recovered from him money in offset that it was not entitled to.

## **Parties**

2. Defendant is the Electrical Contractors' Association and Local Union No. 134, I.B.E.W. Health & Welfare and Joint Pension Trusts of Chicago ("The Trust").

3. Plaintiff Juan Gonzalez is a participant in and beneficiary of the Trust.

## **Facts**

4. The Trust has a plan (the "Plan") that contains the terms under which Plaintiff contributed to and benefits from the Trust.

5. On September 26, 2025, Defendant Trust gave final notice to Plaintiff Participant that he was not eligible to receive pension benefits in September 2024 and also March 1, 2025-

1

April 30, 2025, because it determined he was "engaged in Industry Employment under the terms of the Plan." **Exhibit A** (letter from Plan to Participant denying final appeal).

6. "Industry Employment" is defined in Section 1.24 of the Plan as:

> …any period of employment in which a Participant is engaged in any capacity, whether as an employee of an Employer, sole proprietor, owner-operator, partner, independent contractor, self-employed person or otherwise, ***within the trade and geographical jurisdiction of the Union***. (emphasis supplied).

7. The "Union" is defined in Section 1.47 of the Plan as "Local Union 134, International Brotherhood of Electrical Workers" ("Local 134").

8. The "geographical jurisdiction" of Local 134 is Cook County. **Exhibit B** (Jurisdiction Map).

9. In the industry, "geographical jurisdiction" is sometimes referred to as "territorial jurisdiction," *e.g.,* in Local 134's industry master contract.

10. Local 134's "trade" jurisdiction is not at issue in this case.

11. Plaintiff Participant did not work within the "geographical jurisdiction" of Local 134 at the relevant time periods for which the Defendant Plan disqualified him from receiving benefits and recouped benefits paid during those periods.

12. Accordingly, Plaintiff Participant did not work in "Industry Employment" during the relevant periods of time and the Trust's determination was wrong as a matter of law.

13. The only basis for suspending Plaintiff Participant's benefits is if he worked in "Industry Employment," under Section 6.01 of the Plan.

14. The Defendant Trust suspended Plaintiff Participant's benefits under Section 6.01 of the Plan. **Exhibit C** (Letter dated June 19, 2025).

15. Defendant Trust did so by wrongly correlating "prohibited employment" with "Industry Employment," writing:

Section 6.01(a) of the Plan applies for participants like you who have not attained Normal Retirement Age and provides that "[a] Participant shall not be entitled to any Pension during which he works in Industry Employment (or Employment for ERP Participants) prior to attaining Normal Retirement Age." This is referred to as "prohibited employment."

16. The term "prohibited employment" is not defined in the Plan and appears to have been used by the Defendant Trust in a colloquial or descriptive sense.

17. In wrongly determining that Plaintiff Participant had engaged in "prohibited employment" disqualifying him from receiving benefits, the Defendant Trust wrongly bootstrapped from another provision—"Covered Employment."

18. "Covered Employment" as defined by the Plan essentially means any work within the trade jurisdiction (generally, electrical work) that results in an employer making contributions to the Defendant Trust or another trust that has a reciprocal agreement with the Trust.

19. The Trust's Plan defines "Covered Employment" as meaning:

…any period of work by an Employee for which an Employer is obligated to make contributions to the following:

(a) To the [Local 134] Trust (or, for Prior Service Credits, would have been so obligated if the contribution requirement had been in effect during that period), or

(b) To another fund which transfers the contribution to the Trust pursuant to a reciprocity agreement (less a reasonable administrative charge if applicable), provided that if the contribution rate of the other fund is different from the Trust's contribution rate, Hours of Service shall be calculated by dividing the contributions received from the other fund by the contribution rate of the Trust for the month the Hours of Service were earned, or

(c) To Pension Plan No. 5 under the Trust Agreement, unless the Employee is a Plan 4 or Plan 6 Participant.

20. Plaintiff Participant did work in Covered Employment during the relevant times.

21. But Plaintiff Participant's "Covered Employment" was not within the geographic jurisdiction of Local 134 (*i.e.,* the "Union"), and therefore it was *not* "Industry Employment."

3

22. Accordingly, the Defendant Trust was wrong when it made the initial determination that, for the relevant periods of time, Plaintiff Participant was:

> …engaged in prohibited employment under Plan section 6.01(a) while you were performing Covered Employment with an Employer in the jurisdiction of I.B.E.W. Local Union 364 under a reciprocity agreement to which the Local 364 Pension Plan and the [Local 134] Plan are signatory, which resulted in your Employer reciprocating contributions back to the Plan. As a result, your hours worked for the period February 1, 2023 through August 31, 2024 *fall withing the definition of Industry Employment* and your pension benefits are retroactively suspended beginning February 1, 2023 pursuant to Plan section 6.01(a).

**Exhibit C** (emphasis supplied).

23. "Covered Employment" and "Industry Employment" are different terms.

24. Section 6.01 allows for suspension of pension benefits as a result of a participant working in "Industry Employment," but *not* for working in "Covered Employment."

25. The Defendant Trust's wrong determination led to the conclusion that Plaintiff Participant was overpaid $10,647.60, and that such overpayments would be collected through deductions from future payments.

26. It appears that ultimately the Trust ultimately withheld $6,388.56 on the basis of its determination.

27. This determination was upheld on the same reasoning on internal appeal. **Exhibit A**.

28. Plaintiff Participant has exhausted all internal remedies.

29. No combination of Plan terms allows a suspension of benefits where a participant like the Plaintiff works in "Covered Employment" – even for an Employer who contributes to the Local 134 Plan via a reciprocity agreement – where the "Covered Employment" is not also "Industry Employment."

30. As a result of the Fund's determination, it has wrongly denied Plaintiff benefits, withheld benefits, and caused him legal and equitable harm.

### Count I—ERISA Section 502(a), 29 U.S.C. Sec. 1132(a)

31. Plaintiff is a participant and a beneficiary of the Fund.

32. Plaintiff sues Defendant under 29 U.S.C. Sec. 1132(a)(1)(B) to recover benefits owed to him by the Defendant Trust under the terms of the Plan, to enforce his rights under the Plan, and to secure his future rights and benefits under the Plan.

33. By suspending Plaintiff's benefits due him from the Fund under the terms of the Plan, and by recovering supposed overpayments by means of deductions from future benefit payments to Plaintiff, Defendant Fund wrongly denied Plaintiff his benefits owed him by the Fund under the terms of the Plan.

34. Plaintiff also seeks the full relief and remedies provided for by bringing a claim under 29 U.S.C. Sec. 1132(a)(3), including retroactive and prospective declaratory relief and all appropriate equitable relief related to the same conduct that underlies his claim under 29 U.S.C. Sec. 1132(a)(1).

WHEREFORE, Plaintiff Juan Gonzalez prays this Court:

(1) Enter judgment in his favor and against Defendant Trust,

(2) Award him damages equal to all benefits the Defendant Trust unlawfully withheld or recovered from him, along with any interest or fees,

(3) Award him pre- and post-judgment interest as allowed by law,

(4) Grant him such other equitable relief as is appropriate,

(5) Award him his reasonable attorney's fees, and

(6) Award him his costs.

Date: <u>December 10, 2025</u>　　　　　　　　By: <u>s/ Michael Persoon</u>
　　　　　　　　　　　　　　　　　　　　　　　　Michael Persoon

Michael Persoon
Michael Persoon, P.C.
517 N. Harvey Ave.
Oak Park, Illinois 60602
mike@persoonlaw.com
Ph:　(312) 952-8985
Cell:　(312) 399-5481